UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Samuel Brown, # 303575, *aka* Vernon S. Brown, <br><br> Plaintiff, <br><br> vs. <br><br> Sergeant Darrell Mungo; <br> Sergeant Philp Riggins; <br> Sergeant Benjamin Davis; <br> Lieutenant Garrick Rollings; <br> Captain Daniel Dubose; <br> Warden Cecilia Reynolds; <br> SCDC Director William R. Byars Jr., <br>  individually and in their official capacities; <br> NFN Ball, <br><br> Defendants. <br> _____ | ) C/A No.  8:13-394-JMC-JDA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) REPORT AND RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, a state inmate housed at Kershaw Correctional Institution, proceeding pro se, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the Complaint and applicable law, the undersigned recommends that the Complaint be summarily dismissed.

## **BACKGROUND**

Plaintiff alleges that, in spite of his complaints, he received cold food at every meal on December 28, 2012, through January 1, 2013, which he claims to be in violation of his Eighth Amendment rights. Plaintiff seeks "declaratory and injunctive relief" so that Defendants will "stop feeding the Plaintiff[] cold food." (ECF No. 1 at 4.)

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted) (last alteration in original).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State had caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said

to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

## DISCUSSION

Although prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations omitted). The United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Id.* at 482. The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

In order to state a viable conditions-of-confinement claim, an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) the prison official's state of mind was one of "deliberate indifference."

*Farmer*, 511 U.S. at 834. These elements have also been described as the "objective component" and the "subjective component." *Wilson v. Seiter*, 501 U.S. 294 (1991). The objective component examines the gravity of the alleged deprivation. *Hudson v. McMillian*, 503 U.S. 1 (1992). The subjective component is the state of mind the prison official(s) allegedly had when they violated a plaintiff's rights.

Decisions of the United States Court of Appeals for the Fourth Circuit provide more detailed guidelines for the analysis of Plaintiff's claims. The objective conditions must rise to the level of a deprivation of a basic human need such as food, warmth, or exercise. *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991). In *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993), the Court said that an inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant harm. While these conditions standing alone may not constitute cruel and unusual punishment, they may constitute an Eighth Amendment violation if considered in aggregate. *See McElveen v. Cnty. of Prince William*, 725 F.2d 954 (4th Cir. 1984). The United States Supreme Court has cautioned, however, that to be considered in aggregate, conditions must have mutually enforcing effects that produce deprivation of a single, identifiable need, such as food, warmth, or exercise. *See Wilson*. 501 U.S. 294.

The Prison Litigation Reform Act of 1996 placed an important limitation upon all civil actions for compensatory damages arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e), no recovery of compensatory damages is allowed for emotional stress: "No

Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.*; *see also Mitchell v. Horn*, 318 F.3d 523, 535 (3d Cir. 2003) (§ 1997e's "injury" provision requires more than de minimus injury); *Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997) (same).[*]

Keeping the above principles in mind, Plaintiff's allegations about his diet at Kershaw Correctional Institution are insufficient to state any Eighth Amendment claim upon which this Court could grant relief. Judge Suhrheinrich of the Sixth Circuit Court of Appeals, in noting that "cold food apparently is an ordinary incident in prison life," explained:

> Two-thirds of most American meals are typically eaten cold. Cold cereal or a bagel for breakfast and a sandwich for lunch are standard American fare. Our military defends the nation in times of war on a diet of cold food rations. And cold food is not always a matter of expediency. Steak tartare and shrimp cocktail, served in the finest restaurants, are served cold. One man's vichyssiose is another man's cold potato soup.
> . . .
>
> Plaintiffs here are not average citizens, but convicted criminals, and therefore "cannot expect the amenities, conveniences and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988).

*Thaddeus-X v. Blatter*, 175 F.3d 378, 404–05 (6th Cir. 1999) (Suhrheinrich, J. concurring in part and dissenting in part) (collecting cases); *see also Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008) (holding, "[W]hile prisoners are guaranteed a nutritionally adequate diet under the Eighth Amendment, there is no constitutional right to hot meals.") (citation

---

[*] There is considerable authority for the proposition that § 1997e(e)'s physical injury requirement is not applicable to § 1983 claims for nominal or punitive damages, or for injunctive or declaratory relief. *Mitchell*, 318 F.3d at 533–34 (collecting cases).

omitted); *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (finding prisoner's "cold food" complaint frivolous); *Umar v. Burkett,* No. 92-8256, 1993 WL 241481, *2 (5th Cir. June 15, 1993) ("Our precedents teach that Umar's complaint that he was served cold food does not state a constitutional deprivation."); *Madyun v. Thompson* 657 F.2d 868, 874–75 (7th Cir. 1981) (finding complaint of cold food "insufficient to state a claim under the Eighth Amendment").

Although prison officials are required to provide adequate food, there is no constitutional requirement that such food be served warm. As Plaintiff has not indicated that his food is not adequate, he has not alleged a deprivation of constitutional proportions. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (dismissing plaintiff's claim when he "presented no evidence that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food.").

## **RECOMMENDATION**

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed without prejudice.


March 29, 2013                                    s/Jacquelyn D. Austin
Greenville, South Carolina                United States Magistrate Judge


*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).